IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br><br>*Defendants.* | No. 1:25-cv-10814-BEM |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

This matter comes before the Court on the motion of plaintiffs Massachusetts California, Maryland, Washington, Arizona, Hawaiʻi, Nevada, New Jersey, New York, Oregon, Rhode Island, and Wisconsin ("Plaintiffs") for a temporary restraining order. Having reviewed Plaintiffs' complaint and the memorandum of law, declarations, and evidence in support of the motion, as well as any papers filed in opposition to this motion, and in accordance with Federal Rule of Civil Procedure 65, and for good cause shown, the Court finds that Plaintiffs have satisfied the requirements for the issuance of a temporary restraining order because: (1) Plaintiffs have established a substantial likelihood of success on the merits of their claims; (2) Plaintiffs will be irreparably harmed absent a temporary restraining order; and (3) the public interest and balance of the equities strongly favor entry of a temporary restraining order.

To maintain the status quo until the Court may rule on Plaintiffs' forthcoming motion for preliminary injunction, it is hereby ORDERED that a TEMPORARY RESTRAINING ORDER is entered in this case. It is further ORDERED that:

(i) Defendants[1] shall immediately restore plaintiffs to the pre-existing status quo prior to the termination on or after January 20, 2025, of NIH grants awarded to Plaintiffs ( including their instrumentalities, subdivisions, counties and municipalities) that have been terminated: based on 2 C.F.R. §200.340(a)(2) (2020) or 2 C.F.R. §200.340(a)(4) (2024); or on the grounds that the grant purportedly no longer effectuates agency priorities or the priorities of Defendants, including, but not limited to, on the grounds that the grant related to diversity, DEI (diversity, equity and inclusion), gender, transgender issues, sexual orientation, vaccine hesitancy, COVID-19, foreign countries;

(ii) Defendants shall refrain from terminating the grants referenced in paragraph (i) under any other name or guise, including but not limited to through any other agency actions implementing such terminations, such as suspension or withholding of any funds approved and obligated for the grants;

(iii) Defendants shall refrain from terminating any individual NIH grant to Plaintiffs previously awarded to Plaintiffs (including their instrumentalities, subdivisions, counties and municipalities): based on 2 C.F.R. §200.340(a)(2) (2020) or 2 C.F.R. §200.340(a)(4) (2024); on the grounds that the grant purportedly no longer effectuates agency priorities or the priorities of the defendants; based on 2 C.F.R. §200.340(a)(2) (2020) or 2 C.F.R. §200.340(a)(4) (2024); or

---

[1] Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services, the United States Department of Health and Human Services, Jayanta Bhattacharya, in his official capacity as Director of the National Institutes of Health, the National Institutes of Health, the National Cancer Institute, the National Eye Institute, the National Heart, Lung, and Blood Institute, the National Human Genome Research Institute, the National Institute on Aging, the National Institute on Alcohol Abuse and Alcoholism, the National Institute of Allergy and Infectious Diseases, the National Institute of Arthritis and Musculoskeletal and Skin Diseases, the National Institute of Biomedical Imaging and Bioengineering, the Eunice Kennedy Shriver National Institute of Child Health and Human Development, the National Institute on Deafness and Other Communication Disorders, the National Institute of Dental and Craniofacial Research, the National Institute of Diabetes and Digestive and Kidney Diseases, the National Institute on Drug Abuse, the National Institute of Environmental Health Sciences, the National Institute of General Medical Sciences, the National Institute of Mental Health, the National Institute on Minority Health and Health Disparities, the National Institute of Neurological Disorders and Stroke, the National Institute of Nursing Research, the National Library of Medicine, the National Center for Advancing Translational Sciences, the John E. Fogarty International Center for Advanced Study in the Health Sciences, the National Center for Complementary and Integrative Health, and the Center for Scientific Review.

on the grounds that the grant purportedly no longer effectuates agency priorities or the priorities of Defendants, including, but not limited to, on the grounds that the grant relates to diversity, DEI (diversity, equity and inclusion), gender, transgender issues, sexual orientation, vaccine hesitancy, COVID-19, or foreign countries;

(iv)     Defendants shall file a status report with the Court within 24 hours of entry of this temporary restraining order confirming their compliance with the Court's temporary restraining order; and

(v)     Defendants shall provide notice of the Court's temporary restraining order within 24 hours of entry to all Defendants, their employees and anyone acting in concert with them, and to all NIH grantees or NIH grant applicants in Plaintiffs.

The temporary restraining order shall be in effect for 14 days from the date of this Order and may be extended for an additional 14 days for good cause shown.

It is so ordered.


Dated: April ___, 2025                                          By the Court:

                                                                _____