IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> ROBERT F. KENNEDY, JR., *et al.*, <br><br> *Defendants.* | No. 1:25-cv-10814-BEM |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, plaintiffs Massachusetts, California, Maryland, Washington, Arizona, Delaware, Hawaiʻi, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Rhode Island, and Wisconsin ("plaintiffs")[1] respectfully move for a preliminary injunction enjoining defendants from implementing the unlawful directives referred to collectively as the "Challenged Directives," as defined in the proposed order attached as <u>Exhibit A</u> to this motion.  These Challenged Directives have functioned to restrict NIH funding for existing research opportunities or research awards to projects or grant recipients that relate to topics disfavored by defendants.  And they have resulted in the delay, suspension, or cancellation of the procedural steps necessary to review and dispose of plaintiffs' NIH grant applications.  Plaintiffs satisfy the requirements for preliminary injunctive relief.

First, plaintiffs are likely to succeed on the merits of their claims that the Challenged Directives are unlawful in multiple respects.  As explained in the accompanying memorandum of

---

[1] Colorado is also a plaintiff in this action but is not a party to this motion.

law, the Challenged Directives and their implementation violate the Administrative Procedure Act (APA) and the U.S. Constitution and constitute *ultra vires* Executive action.

Second, plaintiffs will suffer immediate and irreparable harm if the Challenged Directives remain in effect: the cessation of funding will immediately jeopardize contemplated and ongoing research programs that cannot proceed without continued financial support. Some of plaintiffs' public institutions are being forced to stop research activities, reduce personnel, and even shut down programs, including active clinical trials. Moreover, defendants' actions have caused operational chaos and confusion to these institutions, upending months, if not years, of planning and plunging them into budgetary and programmatic uncertainty.

Third, the balance of equities and the public interest weigh heavily in favor of a preliminary injunction. Plaintiffs have a substantial interest in the continued successful operation of research programs at their institutions of higher learning. And the only "harm" defendants will face from a preliminary injunction is that they will have to continue to fulfill their long-established responsibility to support public health research, rather than abandon it with the effect of jeopardizing biomedical research nationwide.

Plaintiffs further request that the Court exercise its discretion to waive the requirement to post a bond under Rule 65(c). *See*, *e.g.*, *Int'l Assoc. of Machinists and Aerospace Workers v. Eastern Airlines*, 925 F.2d 6, 9 (1st Cir. 1991) (finding "ample authority for the proposition that the provisions of Rule 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond."); *see also da Silva Medeiros v. Martin*, 458 F. Supp. 3d 122, 130 (D.R.I. 2020) (waiving the bond requirement where it would pose a hardship on petitioners and unduly restrict the federal rights at issue); *Pineda v. Skinner Services*, *Inc*., 22 F.4th 47, 57 (1st Cir. 2021) (district court did not abuse its discretion when it did not

require low-wage laborers to post a bond). To the extent a bond is required, plaintiffs request that the bond be nominal, consistent with the practice in this Circuit. *See Maine v. U.S. Dep't of Agriculture*, 1:25-cv-131, 2025 WL 1088946, at *29–30 (D. Me. Apr. 11, 2025) (collecting cases).

In support of this request for a preliminary injunction, plaintiffs rely on the memorandum of law, declarations, and evidence filed in support of this motion.

Wherefore, plaintiffs respectfully request that the Court enter a preliminary injunction in the form set forth in the proposed order attached to this motion.

April 14, 2025

Respectfully submitted.

**ANDREA JOY CAMPBELL**
  *Attorney General of Massachusetts*

 /s/ *Gerard J. Cedrone*
Katherine B. Dirks (BBO No. 673674)
  *Chief State Trial Counsel*
Gerard J. Cedrone (BBO No. 699674)
  *Deputy State Solicitor*
Allyson Slater (BBO No. 704545)
  *Deputy Director, Reproductive Justice Unit*
Rachel M. Brown (BBO No. 667369)
Vanessa A. Arslanian (BBO No. 688099)
Chris Pappavaselio (BBO No. 713519)
  *Assistant Attorneys General*
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2282
gerard.cedrone@mass.gov

*Counsel for the*
  *Commonwealth of Massachusetts*

**ROB BONTA**
  *Attorney General of California*

 /s/ *Emilio Varanini*
Neli Palma
  *Senior Assistant Attorney General*
Emilio Varanini*
Kathleen Boergers*
  *Supervising Deputy Attorneys General*
Nimrod Pitsker Elias*
Daniel D. Ambar*
Ketakee R. Kane*
Sophia TonNu*
Hilary Chan*
  *Deputy Attorneys General*
455 Golden Gate Avenue
San Francisco, CA 94102
(415) 510-3541
emilio.varanini@doj.ca.gov

*Counsel for the State of California*

**ANTHONY G. BROWN**
  *Attorney General of Maryland*

 /s/ *James C. Luh*
Michael Drezner*
James C. Luh*
  *Senior Assistant Attorneys General*
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6959
mdrezner@oag.state.md.us

*Counsel for the State of Maryland*

**NICHOLAS W. BROWN**
  *Attorney General of Washington*

 /s/ *Andrew Hughes*
Andrew Hughes*
Tyler Roberts*
  *Assistant Attorneys General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
andrew.hughes@atg.wa.gov

*Counsel for the State of Washington*

4

| | |
|---|---|
| **KRISTIN K. MAYES**<br>*Attorney General of Arizona*<br><br>/s/ *Joshua G. Nomkin*<br>Joshua G. Nomkin*<br>*Assistant Attorney General*<br>2005 N. Central Avenue<br>Phoenix, AZ 85004<br>(602) 542-3333<br>joshua.nomkin@azag.gov<br><br>*Counsel for the State of Arizona* | **KATHLEEN JENNINGS**<br>*Attorney General of Delaware*<br><br>/s/ *Vanessa L. Kassab*<br>Ian R. Liston**<br>*Director of Impact Litigation*<br>Vanessa L. Kassab*<br>*Deputy Attorney General*<br>820 N. French Street<br>Wilmington, DE 19801<br>(302) 683-8899<br>vanessa.kassab@delaware.gov<br><br>*Counsel for the State of Delaware* |
| **ANNE E. LOPEZ**<br>*Attorney General of Hawaiʻi*<br><br>/s/ *Kalikoʻonālani D. Fernandes*<br>David D. Day*<br>*Special Assistant to the Attorney General*<br>Kalikoʻonālani D. Fernandes*<br>*Solicitor General*<br>425 Queen Street<br>Honolulu, HI 96813<br>(808) 586-1360<br>kaliko.d.fernandes@hawaii.gov<br><br>*Counsel for the State of Hawaiʻi* | **KEITH ELLISON**<br>*Attorney General of Minnesota*<br><br>/s/ *Pete Farrell*<br>Peter J. Farrell*<br>*Deputy Solicitor General*<br>445 Minnesota Street, Suite 600<br>St. Paul, Minnesota, 55101<br>(651) 757-1424<br>peter.farrell@ag.state.mn.us<br><br>*Counsel for the State of Minnesota* |
| **AARON D. FORD**<br>*Attorney General of Nevada*<br><br>/s/ *Heidi Parry Stern*<br>Heidi Parry Stern*<br>*Solicitor General*<br>1 State of Nevada Way, Suite 100<br>Las Vegas, NV 89119<br>hstern@ag.nv.gov<br><br>*Counsel for the State of Nevada* | **MATTHEW J. PLATKIN**<br>*Attorney General of New Jersey*<br><br>/s/ *Nancy Trasande*<br>Nancy Trasande*<br>Bryce Hurst*<br>*Deputy Attorneys General*<br>Office of the Attorney General<br>124 Halsey Street, 5th Floor<br>Newark, NJ 07101<br>(609) 954-2368<br>Nancy.Trasande@law.njoag.gov<br><br>*Counsel for the State of New Jersey* |

**RAÚL TORREZ**
   *Attorney General of New Mexico*

/s/ *Astrid Carrete*
Astrid Carrete*
   *Assistant Attorney General*
408 Galisteo Street
Santa Fe, NM 87501
(505) 270-4332
acarrete@nmdoj.gov

*Counsel for the State of New Mexico*


**DAN RAYFIELD**
   *Attorney General of Oregon*

/s/ *Christina L. Beatty-Walters*
Christina L. Beatty-Walters*
   *Senior Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
(971) 673-1880
Tina.BeattyWalters@doj.oregon.gov

*Counsel for the State of Oregon*

**JOSHUA L. KAUL**
   *Attorney General of Wisconsin*

/s/ *Lynn K. Lodahl*
Lynn K. Lodahl*
   *Assistant Attorney General*
17 West Main Street
Post Office Box 7857
Madison, WI 53707
(608) 264-6219
lodahllk@doj.state.wi.us

*Counsel for the State of Wisconsin*

**LETITIA JAMES**
   *Attorney General of New York*

/s/ *Rabia Muqaddam*
Rabia Muqaddam*
   *Special Counsel for Federal Initiatives*
Molly Thomas-Jensen*
   *Special Counsel*
28 Liberty Street
New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov

*Counsel for the State of New York*


**PETER F. NERONHA**
   *Attorney General of Rhode Island*

/s/ *Jordan Broadbent*
Jordan Broadbent*
   *Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2060
jbroadbent@riag.ri.gov

*Counsel for the State of Rhode Island*

\* admitted *pro hac vice*
\*\* application for *pro hac vice* admission forthcoming

**LOCAL RULE 7.1 CERTIFICATE**

      I, Gerard J. Cedrone, certify that on April 8 and 9, 2025, I conferred with counsel for defendants regarding this motion, as set forth in plaintiffs' assented-to motion to set a briefing schedule (ECF No. 58).

                                               /s/ *Gerard J. Cedrone*
                                               Gerard J. Cedrone (BBO No. 699674)
                                                *Deputy State Solicitor*
                                             Office of the Attorney General
                                             One Ashburton Place, 20th Floor
                                             Boston, MA 02108
                                             (617) 963-2282
                                             gerard.cedrone@mass.gov

                                             *Counsel for the*
                                               *Commonwealth of Massachusetts*