# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.*<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br><br>*Defendants.* | No. 1:25-cv-10814-BEM |

**[PROPOSED] PRELIMINARY INJUNCTION**

This matter comes before the Court on the motion of plaintiffs Massachusetts, California, Maryland, Washington, Arizona, Delaware, Hawaiʻi, Minnesota, Nevada, New Jersey, New Mexico, New York, Oregon, Rhode Island, and Wisconsin ("Plaintiffs") for a preliminary injunction. Having reviewed Plaintiffs' complaint and the memorandum of law, declarations, and evidence in support of the motion, as well as any papers filed in opposition to this motion, and in accordance with Federal Rule of Civil Procedure 65, and for good cause shown, the Court finds that Plaintiffs have satisfied the requirements for the issuance of a preliminary injunction because: (1) Plaintiffs have established a substantial likelihood of success on the merits of their claims; (2) Plaintiffs will be irreparably harmed absent a preliminary injunction; and (3) the public interest and balance of the equities strongly favor entry of a preliminary injunction.

It is hereby ORDERED that a PRELIMINARY INJUNCTION is entered in this case. It is further ORDERED that:

(i) Defendants[1] shall cease implementation of the following directives, referred to collectively as the "Challenged Directives," which consist of:

a.  The January 21, 2025, memorandum issued by the Acting Secretary of Health and Human Services, Deborah A. Fink, to all HHS subcomponents entitled "Immediate Pause on Issuing Documents and Public Communications" (Notice Pause Directive);

b.  The February 10, 2025, directive promulgated by the Acting Secretary entitled "Secretarial Directive on DEI-Related Funding" (Secretarial Directive);

c.  The February 12, 2025, memorandum issued by Dr. Michael Lauer, entitled "NIH Review of Agency Priorities Based on the New Administration's Goals" (Lauer Memorandum);

d.  The February 13, 2025, supplemental memorandum issued by Michael Lauer, entitled "Supplemental Guidance" (Supplemental Lauer Memorandum);

e.  The March 4, 2025, directive issued by NIH entitled "Award Assessments for Alignment with Agency Priorities—March 2025" (Priorities Directive);

---

[1] Defendants are Robert F. Kennedy, Jr., in his official capacity as Secretary of Health and Human Services, the United States Department of Health and Human Services, Jayanta Bhattacharya, in his official capacity as Director of the National Institutes of Health, the National Institutes of Health, the National Cancer Institute, the National Eye Institute, the National Heart, Lung, and Blood Institute, the National Human Genome Research Institute, the National Institute on Aging, the National Institute on Alcohol Abuse and Alcoholism, the National Institute of Allergy and Infectious Diseases, the National Institute of Arthritis and Musculoskeletal and Skin Diseases, the National Institute of Biomedical Imaging and Bioengineering, the Eunice Kennedy Shriver National Institute of Child Health and Human Development, the National Institute on Deafness and Other Communication Disorders, the National Institute of Dental and Craniofacial Research, the National Institute of Diabetes and Digestive and Kidney Diseases, the National Institute on Drug Abuse, the National Institute of Environmental Health Sciences, the National Institute of General Medical Sciences, the National Institute of Mental Health, the National Institute on Minority Health and Health Disparities, the National Institute of Neurological Disorders and Stroke, the National Institute of Nursing Research, the National Library of Medicine, the National Center for Advancing Translational Sciences, the John E. Fogarty International Center for Advanced Study in the Health Sciences, the National Center for Complementary and Integrative Health, and the Center for Scientific Review.

    f. The March 13, 2025, directive issued by NIH's Chief Grants Management Officer, Michelle Bulls, entitled "Award Revision Guidance and List of Terminated Grants via letter on 3/12" (Awarded Revision Guidance);

    g. The March 25, 2025, directive issued by NIH, entitled "NIH Grants Management Staff Guidance—Award Assessments for Alignment with Agency Priorities—March 2025" (Revised Priorities Directive);

    h. The directive issued by NIH that NIH funding shall not be made available to research related to the health effects of climate change (Climate Change Directive); and

    i. Any other directive, including non-public or undisclosed directives, that curtail NIH support for previously advertised funding opportunities and previously awarded grants, on the grounds that the opportunities or grants relate to one or more of the following topics identified as inconsistent with defendants' priorities after the opportunities or grants were issued: diversity, DEI (diversity, equity and inclusion), gender, transgender issues, sexual orientation, vaccine hesitancy, COVID-19, environmental justice, or countries of concern.

    (ii) Defendants shall reinstate Notices of Funding Opportunities that had been issued by or on behalf of NIH or any of the individual institutes and centers within NIH (collectively, "NIH") and that were withdrawn on or after January 20, 2025, based on the Challenged Directives;

    (iii) Defendants shall refrain from withdrawing, based on the Challenged Directives, Notices of Funding Opportunities issued by or on behalf of NIH;

3

(iv) Defendants shall refrain from withdrawing or denying, based on the Challenged Directives, grant applications or grant renewal applications from award consideration by or on behalf of NIH;

(v) Defendants shall unfreeze and release to the Plaintiffs, including their instrumentalities, subdivisions, counties and municipalities, any reimbursements or other funding for awards issued by or on behalf of NIH, that Defendants have frozen or failed or refused to pay, based on the Challenged Directives;

(vi) Defendants shall refrain from freezing, failing or refusing to pay, or otherwise eliminating NIH awards based on the Challenged Directives, under any other name or guise;

(vii) Defendants shall refrain from eliminating any funding for awards issued by or on behalf of NIH to Plaintiffs, including their instrumentalities, subdivisions, counties and municipalities, based on the Challenged Directives;

(viii) Defendants shall refrain from delaying, suspending, or cancelling procedural steps that are necessary for the review and disposition of Plaintiffs' grant applications to NIH, including but not limited to publications in the Federal Register of noticed meetings, conducting study section meetings, conducting advisory council meetings, and issuing notices of awards based on the Challenged Directives, and shall promptly reschedule and conduct all necessary steps in the review and disposition of Plaintiffs' grant applications to NIH;

(ix) Defendants shall file a status report with the Court within 24 hours of entry of this order of preliminary injunction confirming their compliance with the Court's preliminary injunction; and

(x) Defendants shall provide notice of the Court's preliminary injunction within 24 hours of entry to all Defendants, their employees and anyone acting in concert with them.

The preliminary injunction shall be in effect until further order of this Court.

It is so ordered.

Dated: May ___, 2025                                          By the Court:

                                                              _____