

THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

(617) 727-2200
www.mass.gov/ago

May 7, 2025

Hon. William G. Young
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

**Re:  *Commonwealth of Massachusetts* v. *Robert F. Kennedy, Jr.* (No. 25-cv-10814-WGY)
Supplemental Authority in Support of Plaintiffs' Preliminary-Injunction Motion**

Judge Young:

I write on plaintiffs' behalf to apprise the Court of the decision in *Rhode Island v. Trump*, No. 1:25-cv-128-JJM-LDA, 2025 WL 1303868 (D.R.I. May 6, 2025), a copy of which is attached as Exhibit A to this letter. That decision, which granted 21 states' motion to enjoin federal agencies from implementing Executive Order 14238, is pertinent to at least three issues that plaintiffs addressed in their reply brief (ECF No. 101, filed the day before the *Rhode Island* decision issued).

First, the *Rhode Island* decision held that neither the Tucker Act nor the Supreme Court's recent order in *Department of Education v. California* divested the court of jurisdiction to hear the 21 plaintiff states' APA claims. Ex. A, at 14–18; *cf.* ECF No. 101, at 2–4.

Second, the court held that the plaintiff states' challenge to the "adoption of a discrete, categorical policy" was not an impermissible "programmatic challenge" of the kind at issue in *Lujan v. National Wildlife Federation*. Ex. A, at 21–22; *cf.* ECF No. 101, at 5–6.

Third, the court held that the plaintiff states had challenged a final agency action within the meaning of the APA because the challenged policies consummated the agency's decisionmaking and carried legal consequences. Ex. A, at 22–25; *cf.* ECF No. 101, at 6–8.

Sincerely,

/s/ Gerard J. Cedrone
Deputy State Solicitor
(617) 963-2282
gerard.cedrone@mass.gov

cc: all counsel of record (via ECF)