IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br><br>*Defendants.* | No. 1:25-cv-10814-WGY |

**PROPOSED SCHEDULE FOR FURTHER PROCEEDINGS**

Counsel for plaintiffs and defendants have met and conferred on the procedure for resolving the asserted claims and defenses and reaching a final disposition in this matter. The parties agree that this case will proceed to the merits without defendants filing a separate response to the complaint. The parties further agree on a proposed schedule for the first phase of litigation, as set forth below, which they respectfully move the Court to adopt. The parties do not agree on the schedule and procedure for the second phase; they set forth their respective positions below.

**I.      Joint Proposal for First Phase of Proceedings (To Be Heard on June 16)**

1.      With respect to the first portion of this case,[1] the Court has ordered defendants to file the administrative record by June 2, 2025, and has set a hearing for June 16, 2025, at 10:00 a.m. *See* ECF Nos. 109, 110.

---

[1] The clerk's notes for the May 13 case-management conference state that "[t]he first portion of the case will focus on termination of grants." ECF No. 109; *see* ECF No. 110, at 26:12–18. The parties understand this to mean that the first portion of the case will focus on all claims except plaintiffs' unreasonable-delay claims (*i.e.*, Count 7 and that portion of Counts 4–6 that plaintiffs contend concern unreasonable delay). Plaintiffs note their position that the gravamen of the claims to be resolved in the first phase is the legality of the Challenged Directives, a question that is antecedent to any issues concerning terminations carried out under the directives. *See* ECF No. 78, at 23 n. 19; ECF No. 101, at 3 n. 4. Defendants disagree because plaintiffs argued and the Court appeared to agree that grant terminations are reviewable final agency actions in response to defendants' arguments that the "challenged directives" are not themselves reviewable final agency actions.

2.      It is defendants' position that all aspects of the first phase of the case are subject to the record review rule. *See Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004). It is plaintiffs' position that certain first-phase claims are not subject to the record-review rule. *See, e.g.*, *United Farm Workers v. Noem*, No. 25-cv-246, 2025 WL 1490131, at *7 (E.D. Cal. May 23, 2025). In the event plaintiffs do not agree to proceed on the record submitted, plaintiffs shall file any motion to supplement or to challenge the completeness of the administrative record by **June 9, 2025, at 6:00 p.m.** Plaintiffs must also submit a list of any exhibits or witnesses they intend to present at the June 16 hearing by **June 9, 2025, at 6:00 p.m.** Defendants shall file any response or objections to the presentation of such exhibits or witnesses by **June 11, 2025, at 6:00 p.m.**, and plaintiffs shall file a response to any such objections by **June 13, 2025, at 10:00 a.m.**

3.      The parties shall file simultaneous opening briefs of no more than 35 pages on the merits of first-phase issues by **June 9, 2025, at 6:00 p.m.** Plaintiffs shall also, by the same deadline, file a proposed judgment and proposed permanent injunction as to those issues. The parties shall file simultaneous response briefs of no more than 10 pages by **June 13, 2025, at 10:00 a.m.** limited to arguments raised in the opposing parties' opening brief.

II.     **Parties' Positions on Second Phase of Proceedings (To Be Heard After June 16)**

4.      <u>Plaintiffs' position</u>: Plaintiffs intend to serve discovery requests related to their unreasonable-delay claims and, to the extent required by Federal Rule of Civil Procedure 26(d)(1), they seek the Court's leave to do so. Defendants' objection to *any* discovery on these claims is misplaced: it is well-established that "[r]eview under [5 U.S.C. §706(1)] is not limited to the administrative record." *Cherokee Nation v. U.S. Dep't of the Interior*, 531 F. Supp. 3d 87, 97 (D.D.C. 2021) (denying protective order and permitting discovery on claims related to withheld

government action).[2] Plaintiffs propose a schedule of 21 days for defendants to respond to written-discovery requests and 28 days for depositions to occur (measured from the date of service of the requests or the date of the Court's order setting a schedule, whichever is later). Plaintiffs respectfully request a hearing on July 1, 2025, or as soon as possible thereafter to consider the merits of plaintiffs' unreasonable-delay claims. Plaintiffs propose that the parties file concise pre-hearing memoranda identifying the witnesses they intend to call at the hearing, the exhibits they intend to introduce at the hearing, and the issues of fact and law to be decided. Plaintiffs propose that, following the hearing, the Court order any post-hearing briefing as appropriate.

5.  <u>Defendants' position</u>: Plaintiffs' phase-two claims challenging alleged agency delay or inaction under APA § 706(1) are reviewed on the administrative record, just as are claims challenging the legality of agency action under § 706(2). *Cross Timbers Concerned Citizens v. Saginaw*, 991 F. Supp. 563, 570 (N.D. Tex. 1997); 5 U.S.C. § 706(2) (permitting review of "agency action"), § 551 (defining "agency action" as the failure of an agency to act).[3] Moreover, defendants believe that the parties should be able to agree to facts or a record that either resolves the second-phase issues completely, or that allows the Court to decide these claims on an expedited basis. Plaintiffs have refused defendants' proposal to set a deadline to seek agreement on facts on an expedited basis and, instead, seek impermissible discovery. Accordingly, unless the parties reach agreement, defendants propose that phase two must proceed as a record-review case, and propose the below expedited schedule to follow the phase-one hearing scheduled for June 16. This schedule

---

[2] *See also, e.g.*, *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000) (holding that "an action arising under 5 U.S.C. §706(1) . . . is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record"); *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 101 (D.D.C. 2013) (same); *Florida v. FDA*, No. 8:22-cv-1981, 2023 WL 2561380, at *2 (M.D. Fla. Mar. 17, 2023), *objections overruled*, 2023 WL 3004553 (Apr. 19, 2023) (collecting cases).

[3] Plaintiffs' proposal to submit written discovery and to conduct depositions—before defendants even lodge an administrative record—is backwards and improper. In the event the Court is considering plaintiffs' approach, defendants would respectfully request the opportunity to fully brief this issue.

3

should include an opportunity to move to dismiss plaintiffs' phase-two claims, including for reasons included in defendants' opposition to plaintiffs' motion for a preliminary injunction and on which the court has not yet ruled.

- Within **7 days** of the conclusion of the phase one hearing scheduled for June 16, 2025, defendants may move to dismiss plaintiffs' claims related to alleged unreasonable delay. Within **10 days** of defendants' motion to dismiss, plaintiffs may file an opposition. No reply is permitted.

- Within **30 days** from any ruling denying defendants' motion to dismiss phase two of plaintiffs' case, defendants must lodge the administrative record.

- Within **14 days** from the lodging of the administrative record, Plaintiffs may file a motion to complete or supplement the record **or** may move for summary judgment. Within **14 days** of the motion filed by plaintiffs, defendants may file an opposition. No reply is permitted.

- If plaintiffs move to complete or supplement the record, the parties must confer and submit a proposed schedule for further proceedings.

May 29, 2025

ANDREA JOY CAMPBELL
  *Attorney General of Massachusetts*

 /s/ *Gerard J. Cedrone*
Katherine B. Dirks (BBO No. 673674)
  *Chief State Trial Counsel*
Gerard J. Cedrone (BBO No. 699674)
  *Deputy State Solicitor*
Allyson Slater (BBO No. 704545)
  *Director, Reproductive Justice Unit*
Rachel M. Brown (BBO No. 667369)
Vanessa A. Arslanian (BBO No. 688099)
Chris Pappavaselio (BBO No. 713519)
  *Assistant Attorneys General*
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2282
gerard.cedrone@mass.gov

*Counsel for the*
  *Commonwealth of Massachusetts*

ROB BONTA
  *Attorney General of California*

 /s/ *Emilio Varanini*
Neli Palma
  *Senior Assistant Attorney General*
Emilio Varanini*
Kathleen Boergers*
  *Supervising Deputy Attorneys General*
Nimrod Pitsker Elias*
Daniel D. Ambar*
Ketakee R. Kane*
Sophia TonNu*
Hilary Chan*
  *Deputy Attorneys General*
455 Golden Gate Avenue
San Francisco, CA 94102
(415) 510-3541
emilio.varanini@doj.ca.gov

*Counsel for the State of California*

Respectfully submitted.

YAAKOV M. ROTH
Acting Assistant Attorney General

LEAH B. FOLEY
United States Attorney

KIRK T. MANHARDT
Director

MICHAEL QUINN
Senior Litigation Counsel

 /s/ *Thomas Ports*
THOMAS PORTS (Va. Bar No. 84321)
Trial Attorney
U.S. Department of Justice
Civil Division
Corporate/Financial Section
P.O. Box 875
Ben Franklin Stations
Washington D.C. 20044-0875
Tel: (202) 307-1105
Email: thomas.ports@usdoj.gov

ANUJ K. KHETARPAL
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel: (617) 823-6325
Email: anuj.khetarpal@usdoj.gov

*Attorneys for Defendants*

5

ANTHONY G. BROWN
  *Attorney General of Maryland*

/s/ *James C. Luh*
Michael Drezner*
James C. Luh*
  *Senior Assistant Attorneys General*
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6959
mdrezner@oag.state.md.us

*Counsel for the State of Maryland*

NICHOLAS W. BROWN
  *Attorney General of Washington*

/s/ *Andrew Hughes*
Andrew Hughes*
Tyler Roberts*
  *Assistant Attorneys General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
andrew.hughes@atg.wa.gov

*Counsel for the State of Washington*

KRISTIN K. MAYES
  *Attorney General of Arizona*

/s/ *Joshua G. Nomkin*
Joshua G. Nomkin*
  *Assistant Attorney General*
2005 N. Central Avenue
Phoenix, AZ 85004
(602) 542-3333
joshua.nomkin@azag.gov

*Counsel for the State of Arizona*

PHILIP J. WEISER
  *Attorney General of Colorado*

/s/ *Lauren Peach*
Shannon Stevenson*
  *Solicitor General*
Lauren Peach*
  *First Assistant Attorney General*
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
lauren.peach@coag.gov

*Counsel for the State of Colorado*

KATHLEEN JENNINGS
  *Attorney General of Delaware*

/s/ *Vanessa L. Kassab*
Ian R. Liston**
  *Director of Impact Litigation*
Vanessa L. Kassab*
  *Deputy Attorney General*
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Counsel for the State of Delaware*

ANNE E. LOPEZ
  *Attorney General of Hawaiʻi*

/s/ *Kalikoʻonālani D. Fernandes*
David D. Day*
  *Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes*
  *Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*

7

KEITH ELLISON
  *Attorney General of Minnesota*

 /s/ *Pete Farrell*
Peter J. Farrell*
  *Deputy Solicitor General*
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 757-1424
peter.farrell@ag.state.mn.us

*Counsel for the State of Minnesota*

AARON D. FORD
  *Attorney General of Nevada*

 /s/ *Heidi Parry Stern*
Heidi Parry Stern*
  *Solicitor General*
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
hstern@ag.nv.gov

*Counsel for the State of Nevada*

MATTHEW J. PLATKIN
  *Attorney General of New Jersey*

 /s/ *Nancy Trasande*
Nancy Trasande*
Bryce Hurst*
  *Deputy Attorneys General*
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 954-2368
nancy.trasande@law.njoag.gov

*Counsel for the State of New Jersey*

RAÚL TORREZ
   *Attorney General of New Mexico*

/s/ *Astrid Carrete*
Astrid Carrete*
   *Assistant Attorney General*
408 Galisteo Street
Santa Fe, NM 87501
(505) 270-4332
acarrete@nmdoj.gov

*Counsel for the State of New Mexico*

LETITIA JAMES
   *Attorney General of New York*

/s/ *Rabia Muqaddam*
Rabia Muqaddam*
   *Special Counsel for Federal Initiatives*
Molly Thomas-Jensen*
   *Special Counsel*
28 Liberty Street
New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov

*Counsel for the State of New York*

DAN RAYFIELD
   *Attorney General of Oregon*

/s/ *Christina L. Beatty-Walters*
Christina L. Beatty-Walters*
   *Senior Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
(971) 673-1880
tina.beattywalters@doj.oregon.gov

*Counsel for the State of Oregon*

PETER F. NERONHA
  *Attorney General of Rhode Island*

 /s/ *Jordan Broadbent*
Jordan Broadbent*
  *Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2060
jbroadbent@riag.ri.gov

*Counsel for the State of Rhode Island*

JOSHUA L. KAUL
  *Attorney General of Wisconsin*

 /s/ *Lynn K. Lodahl*
Lynn K. Lodahl*
  *Assistant Attorney General*
17 West Main Street
Post Office Box 7857
Madison, WI 53707
(608) 264-6219
lodahllk@doj.state.wi.us

*Counsel for the State of Wisconsin*

* admitted *pro hac vice*
** *pro hac vice* application forthcoming