UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*, <br><br> Defendants. | Civil Action No. 25-CV-10814 |

**DESIGNATION AND CERTIFICATION OF ADMINISTRATIVE RECORD**

I, Raymond Jacobson, Ph.D., hereby declare and certify as follows:

1. I am employed by the National Institutes of Health (NIH) and serve as the Director, Division of Receipt and Referral, of the Center for Scientific Review (CSR). I have held this position since December 2024 and have been employed by NIH in various capacities since 2009.

2. As the Director, Division of Receipt and Referral, I oversee the Division of Receipt and Referral's functions regarding the receipt and scientific referral of grant applications submitted to NIH and other HHS agencies. In that capacity, I oversee and supervise the NIH staff that compiled the administrative records in this case. To the best of my knowledge, information, and belief, the records described below and shared with plaintiffs on June 2, 2025 constitute the true, accurate, and complete[1] administrative records

---

[1] Other than the notice of award for individual terminated grants, the record omits the thousands of additional pages in each grant file related to the grant application and approval process, including omitting any reports filed by the grantee. I understand that counsel for defendants

1

for the grant terminations challenged in this case, and—assuming they were challengeable final agency actions—the true, accurate, and complete administrative records for plaintiffs' "Challenged Directives." Each document is a true and correct copy of a record retained in the files of the Department of Health and Human Services and the National Institutes of Health.

3. The first administrative record contains the administrative record for the grant terminations and non-renewals that plaintiffs challenge in this case. Those terminations and non-renewals are identified in the Excel spreadsheet that Plaintiffs provided on May 13, 2025 in compliance with the Court's May 8, 2025 order (the "Challenged Grant Termination Spreadsheet"). *See* Doc No. 104. The complete grant termination record consists of the documents with Bates range NIH_GRANTS_000032 - NIH_GRANTS_003824. This record includes three of plaintiffs' "Challenged Directives" 5-7, the "Michelle Bulls Guidance."

4. The Challenged Grant Termination Spreadsheet contained 560 entries. Of those 560 entries in plaintiffs' Challenged Grant Termination Spreadsheet, over 100 entries correspond to grants that are either not terminated or have not failed to renew, including a grant issued by the Agency for Healthcare Research and Quality. Accordingly, there is no grant termination record for those entries.

5. Similarly, of the 560 entries in plaintiffs' Challenged Grant Termination Spreadsheet, over 20 entries are not grants, contracts, or other transactions. On May 28, 2025, defendants informed plaintiffs of this issue and requested additional information. Plaintiffs did not respond. Accordingly, there is no grant termination record for those entries.

---

described this planned approach in the May 13 hearing. Tr. at 18. Omitting these documents avoided the time required to review documents to redact sensitive, confidential information. This review was not possible in the time provided.

6.    Additionally, of the 560 entries in plaintiffs' Challenged Grant Termination Spreadsheet, at least 5 entries are non-grant contracts. On May 28, 2025, defendants informed plaintiffs of this issue and requested additional information. Plaintiffs did not respond. Accordingly, there is no grant termination record for those entries.

7.    As stated above, three of the documents that plaintiffs identified as "Challenged Directives" are part of and included in the record for plaintiffs' challenged grant terminations. *See supra*, paragraph 3. Pursuant to the Court's direction, defendants also compiled the complete administrative record for each of the remaining documents that plaintiffs identified as a "Challenged Directive." The complete administrative record for "Challenged Directive 1, the Secretary's Notice Pause Directive" consists of the documents with Bates range NIH_GRANTS_000001 - NIH_GRANTS_000003. The complete administrative record for "Challenged Directive 2, the Secretary's DEI Directive" consists of the documents with Bates range NIH_GRANTS_000004 - NIH_GRANTS_000005. The complete administrative record for "Challenged Directives 3 and 4, the Lauer Memos" consists of the documents with Bates range NIH_GRANTS_000032 - NIH_GRANTS_003824.

In accordance with 28 U.S.C. § 1746 I hereby certify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on June 2, 2025 at Bethesda, MD.

/s/ *Raymond Jacobson*

Raymond Jacobson, Ph.D.