IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> ROBERT F. KENNEDY, JR., *et al.*, <br><br> *Defendants.* | No. 1:25-cv-10814-WGY |

### PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD

Pursuant to the scheduling order adopted in this matter (ECF Nos. 113 and 119), Plaintiffs hereby submit this motion to complete the administrative record because there is clear evidence that the administrative record received from defendants thus far is incomplete.

The designation of an administrative record is "entitled to a presumption of administrative regularity." *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (quotation omitted). But that presumption is rebuttable, and a party may move to complete the administrative record where there is clear evidence that the record omits relevant materials. *See Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993); *see also Roe v. Mayorkas*, No. 22-CV-10808-ADB, 2024 WL 5198705, at *7 (D. Mass. Oct. 2, 2024) (a motion to complete the record requires "clear evidence" that the record is incomplete and the moving party must "provide reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record." (quotation omitted)).[1] Here, there is

---

[1] A motion to complete the administrative record is distinct from a motion to supplement the administrative record and is subject to a different legal standard. *See Roe*, 2024 WL 5198705, at *2 ("When parties move to complete, rather than supplement, the administrative record, no showing of bad faith is required and a plaintiff must only

clear evidence that the administrative record provided by defendants as to grant terminations[2] on June 2, 2025, is incomplete, namely defendants' own statement that they are incomplete.

Defendants' certification of the administrative records ("Certification") provides that:

> [T]he records described below and shared with plaintiffs on June 2, 2025 constitute the true, accurate, and complete administrative records for the grant terminations challenged in this case, and—assuming they were challengeable final agency actions—the true, accurate, and complete administrative records for plaintiffs' "Challenged Directives."

ECF No. 118-1 ¶ 2. The Certification goes on to assert that "the grant terminations and non-renewals that plaintiffs challenge in this case" are those that "are identified in the Excel spreadsheet that Plaintiffs provided on May 13, 2025 in compliance with the Court's May 8, 2025 order." *Id.* ¶ 3.[3] The Certification then provides the Bates range that constitutes the "complete grant termination record." *Id.*

The Certification nonetheless goes on to state that:

> Of [the] 560 entries in plaintiffs' Challenged Grant Termination Spreadsheet, over 100 entries correspond to grants that are either not terminated or have not failed to renew, including a grant issued by the Agency for Healthcare Research and Quality. Accordingly, there is no grant termination record for those entries.

*Id.* ¶ 4.

Despite plaintiffs' request to do so, defendants have not identified the "over 100 entries" that they claim "correspond to grants that are either not terminated or have not failed to renew."

---

present clear evidence, which means a strong, substantial or prima facie showing that the record is incomplete." (internal quotation omitted)).

[2] Plaintiffs do not challenge the administrative records as to the Challenged Directives; this motion challenges the completion of the administrative records only insofar as they purport to be complete for relevant grant terminations.

[3] Plaintiffs dispute the suggestion that they only challenge those terminations listed in the May 13 spreadsheet. Plaintiffs made all best efforts pursuant to the Court's May 8, 2025, order (ECF No. 104) to provide by May 13, 2025, a complete list of plaintiff states' grants that have been terminated pursuant to the Challenged Directives; however, as expressly noted in that submission, compilation of the list is ongoing. *See* State Plaintiffs' Submission to Court, Description Tab. Plaintiffs intend to submit a revised and updated version of this list to the defendants and the Court on or before June 13, 2025. As plaintiffs have explained, the determination of the legality of the challenged terminations is largely ministerial, involving only the question whether any given termination was pursuant to a Challenged Directive (or pursuant to any order adopting the language of the Challenged Directives).

They have provided no grant numbers, no index. Accordingly, plaintiffs have been unable to evaluate defendants' decision to omit those grants from the administrative records. By removing grants from consideration without even identifying them, defendants have unilaterally truncated the Court's review of plaintiffs' allegations of grant terminations that flowed from the Challenged Directives, as it was set forth in the May 13, 2025, spreadsheet. This is impermissible, and plaintiffs respectfully request that defendants be ordered to complete the administrative record. *See Bar MK Ranches*, 994 F.2d at 739 ("An agency may not unilaterally determine what constitutes the Administrative Record.").[4]

Wherefore, plaintiffs respectfully request that the defendants be ordered to complete the administrate record or records as to the over 100 grants that they allege are not terminated or have not failed to renew.

June 9, 2025                                                                 Respectfully submitted.

---

[4] Plaintiffs will continue to work with defendants during the opposition period to this motion in an effort to reach resolution on the proper identification of grants that were terminated pursuant to the Challenged Directives. Notably, the certification also states that over 25 entries in plaintiffs' spreadsheet are either "not grants, contracts, or other transactions" or "are non-grant contracts." Certification, ¶¶ 5-6. Defendants have identified the grants they contend fall into these categories, and plaintiffs are in the process of reviewing their records as to those grants. Insofar as plaintiffs disagree with defendants' categorization, they reserve all rights to supplement this motion to include a specific request to complete those grants also.

| | |
|---|---|
| **ANDREA JOY CAMPBELL**<br>*Attorney General of Massachusetts* | **ROB BONTA**<br>*Attorney General of California* |
| /s/ *Rachel M. Brown*<br>Katherine B. Dirks (BBO No. 673674)<br>  *Chief State Trial Counsel*<br>Gerard J. Cedrone (BBO No. 699674)<br>  *Deputy State Solicitor*<br>Allyson Slater (BBO No. 704545)<br>  *Director, Reproductive Justice Unit*<br>Rachel M. Brown (BBO No. 667369)<br>Vanessa A. Arslanian (BBO No. 688099)<br>Chris Pappavaselio (BBO No. 713519)<br>  *Assistant Attorneys General*<br>Office of the Attorney General<br>One Ashburton Place, 20th Floor<br>Boston, MA 02108<br>(617) 963-2282<br>gerard.cedrone@mass.gov<br><br>*Counsel for the*<br>  *Commonwealth of Massachusetts* | /s/ *Emilio Varanini*<br>Neli Palma<br>  *Senior Assistant Attorney General*<br>Emilio Varanini*<br>Kathleen Boergers*<br>  *Supervising Deputy Attorneys General*<br>Nimrod Pitsker Elias*<br>Daniel D. Ambar*<br>Ketakee R. Kane*<br>Sophia TonNu*<br>Hilary Chan*<br>  *Deputy Attorneys General*<br>455 Golden Gate Avenue<br>San Francisco, CA 94102<br>(415) 510-3541<br>emilio.varanini@doj.ca.gov<br><br>*Counsel for the State of California* |
| **ANTHONY G. BROWN**<br>*Attorney General of Maryland* | **NICHOLAS W. BROWN**<br>*Attorney General of Washington* |
| /s/ *James C. Luh*<br>Michael Drezner*<br>James C. Luh*<br>  *Senior Assistant Attorneys General*<br>200 Saint Paul Place, 20th Floor<br>Baltimore, MD 21202<br>(410) 576-6959<br>mdrezner@oag.state.md.us<br><br>*Counsel for the State of Maryland* | /s/ *Andrew Hughes*<br>Andrew Hughes*<br>Tyler Roberts*<br>  *Assistant Attorneys General*<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188<br>(206) 464-7744<br>andrew.hughes@atg.wa.gov<br><br>*Counsel for the State of Washington* |

**KRISTIN K. MAYES**
   *Attorney General of Arizona*

 /s/ *Joshua G. Nomkin*
Joshua G. Nomkin*
   *Assistant Attorney General*
2005 N. Central Avenue
Phoenix, AZ 85004
(602) 542-3333
joshua.nomkin@azag.gov

*Counsel for the State of Arizona*


**ANNE E. LOPEZ**
   *Attorney General of Hawaiʻi*

 /s/ *Kalikoʻonālani D. Fernandes*
David D. Day*
   *Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes*
   *Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*


**AARON D. FORD**
   *Attorney General of Nevada*

 /s/ *Heidi Parry Stern*
Heidi Parry Stern*
   *Solicitor General*
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
hstern@ag.nv.gov

*Counsel for the State of Nevada*


**KATHLEEN JENNINGS**
   *Attorney General of Delaware*

 /s/ *Vanessa L. Kassab*
Ian R. Liston*
   *Director of Impact Litigation*
Vanessa L. Kassab*
   *Deputy Attorney General*
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Counsel for the State of Delaware*


**KEITH ELLISON**
   *Attorney General of Minnesota*

 /s/ *Pete Farrell*
Peter J. Farrell*
   *Deputy Solicitor General*
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 757-1424
peter.farrell@ag.state.mn.us

*Counsel for the State of Minnesota*


**MATTHEW J. PLATKIN**
   *Attorney General of New Jersey*

 /s/ *Nancy Trasande*
Nancy Trasande*
Bryce Hurst*
   *Deputy Attorneys General*
Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 954-2368
Nancy.Trasande@law.njoag.gov

*Counsel for the State of New Jersey*

5

**RAÚL TORREZ**
   *Attorney General of New Mexico*

 /s/ *Astrid Carrete*
Astrid Carrete*
   *Assistant Attorney General*
408 Galisteo Street
Santa Fe, NM 87501
(505) 270-4332
acarrete@nmdoj.gov

*Counsel for the State of New Mexico*


**DAN RAYFIELD**
   *Attorney General of Oregon*

 /s/ *Christina L. Beatty-Walters*
Christina L. Beatty-Walters*
   *Senior Assistant Attorney General*
100 SW Market Street
Portland, OR 97201
(971) 673-1880
Tina.BeattyWalters@doj.oregon.gov

*Counsel for the State of Oregon*

**JOSHUA L. KAUL**
   *Attorney General of Wisconsin*

 /s/ *Lynn K. Lodahl*
Lynn K. Lodahl*
   *Assistant Attorney General*
17 West Main Street
Post Office Box 7857
Madison, WI 53707
(608) 264-6219
lodahllk@doj.state.wi.us

*Counsel for the State of Wisconsin*

\* admitted *pro hac vice*

**LETITIA JAMES**
   *Attorney General of New York*

 /s/ *Rabia Muqaddam*
Rabia Muqaddam*
   *Special Counsel for Federal Initiatives*
Molly Thomas-Jensen*
   *Special Counsel*
28 Liberty Street
New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov

*Counsel for the State of New York*


**PETER F. NERONHA**
   *Attorney General of Rhode Island*

 /s/ *Jordan Broadbent*
Jordan Broadbent*
   *Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2060
jbroadbent@riag.ri.gov

*Counsel for the State of Rhode Island*

**LOCAL RULE 7.1 CERTIFICATE**

  I, Rachel M. Brown, certify that counsel for plaintiffs have conferred with counsel for defendants regarding this motion, and that while the parties are continuing to discuss potential resolutions of their differences, no such resolution has been realized at the time of filing.

                 /s/ *Rachel M. Brown*
                Gerard J. Cedrone (BBO No. 667369)
                 *Assistant Attorney General*
                Office of the Attorney General
                One Ashburton Place, 20th Floor
                Boston, MA 02108
                (617) 963-2382
                rachel.brown@mass.gov

                *Counsel for the*
                 *Commonwealth of Massachusetts*