UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-10814-WGY |
| AMERICAN PUBLIC HEALTH ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL INSTITUTES OF HEALTH, et al., <br><br> Defendants. | Civil Action No. 1:25-cv-10787-WGY |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPLETE THE ADMINISTRATIVE RECORD**

**Introduction**

The Court should deny Plaintiffs' motions to complete the administrative record. Plaintiffs acknowledge that the existing administrative record is sufficient for the Court to rule on the merits of the Phase I claims. APHA's Mot., Doc. 102-1 at 6–7 ("Plaintiffs' Opening Brief on Phase I . . . establishes Plaintiffs' entitlement to relief on the AR as it currently exists."). Plaintiffs explain that they seek to complete the record, not to ensure that the record is adequate for judicial review, but "to ensure the unlawfulness of Defendants' policies and practices is fully aired, and in the interests of providing the Court with the information it has requested." *Id.* at 7. The administrative record must be adequate for judicial review, but it need not be perfect. *See Fuentes v. INS*, 746 F.2d 94, 97 (1st Cir. 1984) (finding an administrative record adequate for review even though it was missing several documents). Since the parties agree that the administrative record is adequate for review, the case should proceed without unnecessary delay. Granting Plaintiffs' motion would require Defendants to reopen the administrative record, conduct new searches, and conduct another round of document review to identify the materials that Plaintiffs seek—which may not even exist. This process would take significant time and would require postponing the hearing on the Phase I merits currently scheduled for Monday, June 16. The Court should decline Plaintiffs' invitation to derail the schedule to wait for Defendants to search for documents that the parties agree are unnecessary for the Court's review. Plaintiffs also fail to meet the standard to overcome the strong presumption that the administrative record is complete.

Defendants file this response brief early to allow the Court to rule on Plaintiffs' Motion to Complete at the final pretrial conference, scheduled for June 12, 2025, at 11:00 am. Plaintiffs had requested opportunity to file a 15-page reply two hours before trial on the merits for phase 1, but

1

after this Court scheduled the final pretrial conference, Defendants expedited their opposition (due by agreement on June 13) to make the motion ripe for disposition at the June 12 conference.

## Argument

### I. The Legal Standard

The administrative record should include "all documents and materials directly or indirectly considered by the agency decision-makers." *Roe v. Mayorkas*, 2024 WL 5198705, at *7 (D. Mass. Oct. 2, 2024) (collecting cases). This standard is separate and distinct from the standard in civil litigation, which makes discoverable "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Accordingly, the agency "is not obligated to include every potentially relevant document existing within [the] agency. Only those documents that were directly or indirectly considered by the [agency's] decisionmaker(s) should be included in the administrative record." *Pac. Shores Subdivision v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 7 (D.D.C. 2006).

The agency's certification of a complete administrative record is entitled to a "strong presumption of regularity." *Id.* at 5; *see also Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("[T]he designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity.") (citation omitted). To overcome this presumption, Plaintiffs must provide "clear evidence" that the record is incomplete. *Roe*, 2024 WL 5198705, at *7. Specifically, Plaintiffs "must provide reasonable, non-speculative grounds to believe that materials considered in the decision-making process are not included in the record, and identify the pertinent omitted materials with sufficient specificity, as opposed to merely proffering broad categories of documents and data that are likely to exist as a result of other documents that are included in the administrative record." *Id.* (citations omitted).

Internal communications and deliberations are not a part of the administrative record. They merely reflect consideration of the evidence in the record; they are not themselves evidence, and thus are not themselves considered, directly or indirectly. They do not form part of an administrative record just as a bench memorandum prepared for a district court judge (reflecting consideration of evidence admitted at trial) forms no part of an appellate record. *Cf. United States v. Morgan*, 313 U.S. 409, 422 (1941) ("Just as a judge cannot be subjected to such a scrutiny . . . so the integrity of the administrative process must be equally respected.") (citations omitted); *see also Gen. Elec. Co. v. Jackson*, 595 F. Supp. 2d 8, 18 (D.D.C. 2009), aff'd, 610 F.3d 110 (D.C. Cir. 2010) (distinguishing between documents that are considered by the agency and "material that reflects internal deliberations") (citations omitted). This is because, when reviewing an agency action under the APA, a court's task is to assess the lawfulness of the action based only upon the agency's stated reasons for its decision. *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). The court does not probe the agency decisionmakers' pre-decisional mental processes. *Oceana*, 920 F.3d at 865. Indeed, absent a strong showing of bad faith or improper behavior, "the actual subjective motivation of agency decisionmakers is immaterial as a matter of law." *In re Subpoena Duces Tecum Served on Off. of Comptroller of Currency*, 156 F.3d 1279, 1280 (D.C. Cir. 1998) (citing *Overton Park*, 401 U.S. at 420) (other citation omitted); *see also Dep't of Com. v. New York*, 139 S. Ct. 2551, 2573 (2019). As the First Circuit has held, "[d]ocuments pertaining to internal deliberative processes are irrelevant" to judicial review of an agency action under the APA. *Town of Winthrop v. Fed. Aviation Authority*, 535 F.3d 1, 15 (1st Cir. 2008).

## II. Plaintiffs Fail to Overcome the Strong Presumption that the Administrative Record Is Complete.

Plaintiffs ask the court to order Defendants to complete the administrative record with six categories: (1) documents for the grants that were not terminated or have not failed to renew; (2) the so-called "Termination Forms" and related guidance; (3) documents showing the input of HHS and DOGE officials in grant terminations; (4) documents showing the use of AI in grant terminations; (5) metadata for documents in the administrative record; and (6) a revised scope of the certification to reflect Plaintiffs' newly identified Challenged Directive. Defendants will address each category in turn.

### A. Grants that Were Not Terminated.

Plaintiffs seek to order Defendants to complete the administrative record for the grants that were not terminated and have not failed to renew. Doc. 124 at 2–3. Plaintiffs argue that because Defendants do not identify which grants from the Challenged Grant Termination Spreadsheet were not terminated and have not failed to renew, Plaintiffs cannot verify whether these grants are properly excluded. *Id*. This issue is moot. On June 9, Defendants provided Plaintiffs with a list of 90 entries from the Challenged Grant Termination Spreadsheet that were not terminated and did not fail to renew. Due to technically difficulties, Defendants filed this list with the court on June 11. ECF Doc. 131. As a result, Plaintiffs can verify that they agree with NIH's understanding of these grants. Regardless, an administrative record for these entries were not excluded; it does not exist. Because these grants were not terminated and did not fail to renew, there is no agency action to document and no record to complete.

### B. Termination Forms.

Citing an email from an NIH Program Director that mentions she was "asked to complete a form indicating whether a project was focused on any of the areas that have been identified as

4

low program priority," Plaintiffs incorrectly surmise that NIH used a so-called "Termination Form" to determine whether a grant should be terminated. Doc 102-1 at 10–11. Based on this incorrect assumption, Plaintiffs seek (1) the blank Termination Form; (2) the filled-out Termination Forms; (3) all guidance to NIH employees or decisionmakers about how to complete the forms; and (4) all other guidance to NIH employees or decisionmakers on how to identify grants for termination. *Id.* at 11–12.

Defendants have attached a redacted version of the form to this response for the Court's and Plaintiffs' review. Exhibit A. As the form indicates, the form was used only by the National Institute on Child Health and Development (NICHD), not by NIH as a whole. *Id.*

Plaintiffs acknowledge, however, that the filled-out form is protected by the deliberative process privilege. *See* Doc. 102-1 at 12 ("[F]illed out versions of Termination Forms may qualify as deliberative."). As such, the filled-out form is not part of the administrative record. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) ("[P]redecisional and deliberative documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record.").[1] The D.C. Circuit, the Sixth Circuit, the District of Maine, and many other district courts have held that pre-decisional, deliberative documents reflecting the give-and-take of an agency's consultative process or the subjective opinions and recommendations of agency staff members are immaterial to judicial review under the APA and are not part of an agency's administrative record. *See id.*; *Transp. Div. v. FRA*, 10 F.4th 869, 878 (D.C. Cir. 2021); *In re U.S. Dep't of Def. and U.S. Env't Prot. Agency Final Rule, No. 15-3751*, 2016 WL 5845712, at *1-2 (6th Cir. 2016); *Maine v. McCarthy*, No. 1:14-cv-00264-JDL, 2016 WL 6838221, at *1 (D.

---

[1] "Many courts look to D.C. Circuit case law in APA review cases, as the majority of such disputes occur in that circuit." *ASSE Int'l, Inc. v. Kerry*, No. 14-cv-00534, 2018 WL 3326687, at *2 (C.D. Cal. Jan. 3, 2018).

5

Me. Nov. 18, 2016).[2] Because plaintiffs acknowledge the documents are deliberative, the documents are not properly part of the administrative record.

Nor should the Court override the deliberative process privilege. Courts may ignore the deliberative process privilege if the "need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Roe*, 2024 WL 5198705, at *3 (quoting *F.T.C. v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)). There can be no pressing need in this case because Plaintiffs concede the record is adequate for judicial review. Moreover, respecting the deliberative process privilege is critical to "encourage uninhibited and frank discussion of legal and policy matters." *Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008). "Requiring the inclusion of deliberative materials in the administrative record would pressure agencies to conduct internal discussions with judicial review in mind, rendering agency proceedings . . . useless both to the agency and to the courts." *Id.* In short, the information gained from the completed form is not especially relevant or important, but it is the sort of internal deliberations the privilege is designed to protect.

Plaintiffs' broad request for "all guidance" to NIH employees and decisionmakers about how to complete the forms (as well as "all other guidance") fails to overcome the presumption of regularity. Plaintiffs have not identified clear, specific evidence that any such guidance exists. This is precisely the sort of speculative request that does not satisfy the standard: "merely proffering broad categories of documents and data that are likely to exist as a result of other documents that

---

[2] *See also Yellowstone to Uintas Connection v. Bolling*, No. 4:20-cv-00192-DCN, 2021 WL 5702158 at *8 (D. Idaho Dec. 1, 2021); *Sierra Club v. U.S. Fish & Wildlife Serv.*, No. 2:20-cv-13-SPC-NPM, 2021 WL 5634131 at *3 (M.D. Fla. Dec. 1, 2021); *Blue Mountains Biodiversity Project v. Jefferies*, No. 2:20-cv-02158-SU, 2021 WL 3683879 at *4 (D. Or. Aug. 19, 2021); *Save the Colo. v. U.S. Dep't of the Interior*, 517 F. Supp. 3d 890, 897-98 (D. Ariz. Feb. 4, 2021); *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, No. 2:17-cv-3412, 2020 WL 858599 at *11 (D.S.C. Feb. 21, 2020); *Outdoor Amusement Bus. Ass'n v. Dep't of Homeland Sec.*, No. ELH-16-1015, 2017 WL 3189446 at *21-22 (D. Md. 2017).

6

are included in the administrative record" is insufficient. *Roe*, 2024 WL 5198705, at *7. At any rate, because the form was used only by NICHD, such guidance likely does not exist.

### C. HHS and DOGE Input.

Plaintiffs seek documents reflecting HHS and DOGE involvement in the grant terminations. The implication is that Defendants either failed to search for or withheld such documents. But the evidence and Plaintiffs' own argument disproves the implication. To demonstrate that Defendants either failed to search for or withheld communications from HHS and DOGE officials, Plaintiffs cite to documents in the administrative record that are communications from HHS and DOGE officials. Necessarily, these documents would not be in the administrative record if Defendants had failed to search for or withheld such documents.

Plaintiffs have not identified clear evidence of additional communications that would overcome the presumption of regularity. Plaintiffs assert that "it is implausible" that the documents and communications provided in the administrative record "encompass the entire universe of DOGE's involvement." Doc. 102-1 at 17. But this is speculation. Here again, Plaintiffs have "merely proffer[ed] broad categories of documents and data that are likely to exist as a result of other documents that are included in the administrative record," which does not suffice to overcome the presumption of regularity. *Roe*, 2024 WL 5198705, at *7.

Without meeting this standard, Plaintiffs prematurely seek to litigate whether any additional communications are protected by the deliberative process privilege. It would be improper to decide whether to override the deliberative process privilege before it has even been asserted over documents that may not even exist, and Plaintiffs cannot overcome any privilege on documents that exist where they agree that the record is adequate to allow judicial review.

7

Moreover, as explained above, internal communications that reflect the deliberative process would not be part of the record in the first place.

### D. AI Use.

Plaintiffs have failed to provide clear evidence that the decisionmakers used AI to terminate grants. Plaintiffs' only evidence is an anonymous quote in a news article that says "every grant must now be fed through an AI tool to screen for references to concepts deemed unpalatable by the Trump administration." Doc. 102-1 at 20. It's unclear if this quote even refers to grant terminations, as opposed to screening prospective grant applications. Regardless, a single anonymous quote is not clear evidence sufficient to overcome the presumption of regularity.

### E. Metadata.

In seeking metadata, Plaintiffs misunderstand the difference between an administrative record and civil discovery. For an administrative record, the standard for inclusion is "all documents and materials directly or indirectly considered by the agency decision-makers." *Roe*, 2024 WL 5198705, at *7. Here, the decisionmakers did not consider the metadata of the documents and communications they reviewed. The decisionmakers reviewed the documents that are in the administrative record. There is no indication, much less any clear evidence, that the decisionmakers sought and considered the metadata underlying those emails and documents.

Plaintiffs argue that metadata is "a core part of the exchange of documents and information in litigation." Doc. 102-1 at 22. That may be in civil discovery, but unlike civil discovery, relevance is not the standard for inclusion in the administrative record. For this reason, Plaintiffs cannot cite any authority for the proposition that metadata should be included in an administrative record.

### F. Revised Scope of Certification.

Finally, Plaintiffs complain that the certification for the administrative record refers only to the Challenged Directives listed in Plaintiffs' filings, and does not expressly include three other directives that Plaintiffs now say they are challenging, two of which were not created until more than a month after Plaintiffs filed their Complaint. Doc. 102-1 at 23. This dispute is immaterial. The three new directives are included in the administrative record. AR_3821; AR_3548; AR_3517. When including those documents, Defendants included all documents and materials directly or indirectly considered by the decisionmakers as part of issuing the documents.

### Conclusion

For these reasons, the Court should deny Plaintiffs' motions to complete the administrative record.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRETT A. SHUMATE<br>Assistant Attorney General |
|  | LEAH B. FOLEY<br>United States Attorney |
|  | YAAKOV M. ROTH<br>Principal Deputy Assistant Attorney General,<br>Civil Division |
|  | KIRK T. MANHARDT<br>Director |
|  | MICHAEL J. QUINN<br>Senior Litigation Counsel |
| Dated: June 12, 2025 | */s/ Anuj Khetarpal*<br>ANUJ KHETARPAL<br>Assistant U.S. Attorney<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3658<br>anuj.khetarpal@usdoj.gov |
|  | THOMAS W. PORTS, Jr. (Va. Bar No. 84321)<br>*Trial Attorney*<br>U.S. Department of Justice<br>Civil Division<br>Corporate/Financial Section<br>P.O. Box 875<br>Ben Franklin Stations<br>Washington D.C. 20044-0875<br>Tel: (202) 307-1105<br>Email: thomas.ports@usdoj.gov |
|  | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 12, 2025                                    */s/ Anuj K. Khetarpal*
                                                        Anuj K. Khetarpal
                                                        Assistant U.S. Attorney