IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, *et al.*,<br><br>　　　　　　*Plaintiffs,*<br><br>　v.<br><br>ROBERT F. KENNEDY, JR., *et al.*,<br><br>　　　　　　*Defendants.* | No. 1:25-cv-10814-WGY |

## [REVISED PROPOSED] RULE 54(b) FINAL JUDGMENT

For all the reasons stated on the record on June 16, 2025, plaintiffs are entitled to judgment on their claim that the Challenged Directives[1] and Resulting Grant Terminations[2] are arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. §706(2)(A). Pursuant to

---

[1] The "Challenged Directives" consist of (1) the February 10, 2025, directive entitled "Secretarial Directive on DEI-Related Funding" reproduced at pp. 4–5 of the administrative record; (2) the February 12, 2025, memorandum entitled "NIH Review of Agency Priorities Based on the New Administration's Goals" reproduced at p. 9 of the administrative record; (3) the February 13, 2025, memorandum entitled "Supplemental Guidance to Memo Entitled – NIH Review of Agency Priorities Based on the New Administration's Goals" reproduced at p. 16 of the administrative record; (4) the February 21, 2025, memorandum entitled "Directive on NIH Priorities" and "Restoring Scientific Integrity and Protecting the Public Investment in NIH Awards" reproduced at pp. 2930–2931 of the administrative record; (5) the March 4, 2025, directive entitled "Staff Guidance - Award Assessments for Alignment with Agency Priorities—March 2025" reproduced at pp. 2135–2172 of the administrative record; (6) the March 13, 2025, directive entitled "Award Revision Guidance and List of Terminated Grants via letter on 3/12" reproduced at pp. 1957–1968 of the administrative record; and (7) subsequent revisions to the "Award Assessments for Alignment with Agency Priorities" directive dated March 25 (reproduced at pp. 3216–3230 of the administrative record), May 7 (reproduced at pp. 3547–3581 of the administrative record), May 15 (reproduced at pp. 3516–3546 of the administrative record), and undated (reproduced at pp. 3231–3350 of the administrative record).

[2] The term "Resulting Grant Terminations" refers to any terminations of grants (including subawards) awarded by the National Institutes of Health (including any of NIH's constituent institutes and centers) to any plaintiff state (including any plaintiff state's instrumentalities, public colleges and universities, subdivisions, counties, and municipalities) on the basis of one or more of the Challenged Directives, the Challenged Directives as a whole, or any of the reasoning therein. For purposes of this definition, a "termination" includes failure to award a non-competing continuation of a grant. The Resulting Grant Terminations include those specific grant terminations that plaintiffs identified in the spreadsheet submitted to the Court and served upon defendants on June 13, 2025, which spreadsheet it attached hereto as Exhibit A.

Federal Rule of Civil Procedure 54(b), and for all the reasons stated on the record, the Court finds that there is no just reason to delay entry of judgment on that claim.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that:

I. The Challenged Directives as a whole are arbitrary and capricious in violation of 5 U.S.C. §706(2)(A). Thus, the Challenged Directives as a whole are void, illegal, and of no force and effect and are hereby vacated and set aside pursuant to §706(2).

II. The Resulting Grant Terminations are arbitrary and capricious in violation of 5 U.S.C. §706(2)(A). Thus, the Resulting Grant Terminations are void, illegal, and of no force and effect, and are hereby vacated and set aside pursuant to §706(2).

III. Judgment shall enter in favor of plaintiffs and against defendants on Count 3 of the Amended Complaint.

IV. The Court retains jurisdiction to enforce this judgment.

The Clerk is directed to enter judgment in conformity with the foregoing forthwith.

June ___, 2025

_____
**HON. WILLIAM G. YOUNG**
Judge of the United States