UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF
MASSACHUSETTS, *et al.*,

                Plaintiffs,

v.

ROBERT F. KENNEDY, JR., *et al.*,

                Defendants.

No. 1:25-cv-10814-WGY

**STIPULATION ON INTRODUCTION OF EVIDENCE AT TRIAL,
DISCOVERY, AND ADMINISTRATIVE RECORD FOR PHASE TWO**

Plaintiff States and Defendants, by and through their counsel, hereby stipulate to the following conditions regarding introduction of evidence at trial, discovery, and the Administrative Record,[1] in anticipation of trial on the Plaintiff States' remaining pending claims:

**I. Introduction of Evidence at Trial and Discovery**

In light of the expedited trial schedule for Phase Two of this action, the Parties agree that:

Plaintiff States hereby withdraw their Motion for Targeted Discovery (ECF No. 171) and the discovery requests served on Defendants on June 2, 2025. Defendants hereby waive objections (or their right to object) to the Plaintiff States' introduction of evidence at trial on the basis that all evidence outside the Administrative Record is categorically inadmissible or categorically irrelevant.

Defendants maintain their rights, however, to advance any other objections available to them under the Federal Rules of Evidence to the introduction of any evidence that the Plaintiff States may proffer. Defendants reserve the right to object to any individual piece of evidence on

---

[1] The term "Administrative Record" refers to the record produced in this Action on July 9, 2025. ECF No. 165.

the basis that it is irrelevant to the alleged inactions or delays, but waive the right to object to any such individual piece of evidence on the basis that Plaintiffs should have moved to include that evidence in the Administrative Record or to otherwise complete the record, and Defendants waive the right to categorically object to evidence solely on the basis that the individual piece of evidence is not included in the records or certifications that Defendants' have provided in this action.

**II.   Phase Two Administrative Record**

The Parties have agreed that Defendants will produce a Certification from an NIH official on or before September 4, 2025, attesting to the following information about a representative sample of 50 grant applications from the list that the Plaintiff States produced to Defendants on August 15, 2025 (the "Plaintiff States' Applications List").  Said sample will be selected by the Plaintiff States in their sole discretion and provided to Defendants no later than August 25, 2025, 11:59pm ET.  The Parties agree that any judgment entered by this Court in Phase Two of this action will be applied to the applications in the Plaintiff States' Applications List.[2]

> **A. For Each Application on the Plaintiff States' Applications List that NIH Has Administratively Withdrawn:** Defendants will produce a Certification attesting that the applicant submitted the grant application on [DATE], and either:
>
>> 1. NIH administratively withdrew the grant application pursuant to the Challenged Directives[3] because the application no longer aligned with agency priorities. NIH updated eRA Commons to indicate that the application had been administratively withdrawn on [DATE];

---

[2] The Plaintiff States may supplement the Plaintiff States' Application List with additional applications on or before September 11, 2025.  The Parties further stipulate that any judgment as to the Phase Two claims will also apply to the applications identified on the September 11 supplemental list.

[3] The term "Challenged Directives" refers to the Directives identified in footnote 1 of the Partial Final Judgment on Phase One of this Action.  ECF No. 151.

2. NIH administratively withdrew the grant application on [DATE] as a result of a Notice of Funding Opportunity ("NOFO") that was withdrawn pursuant to the Challenged Directives because it no longer aligned with agency priorities [NIH to identify withdrawn NOFO, including the date the NOFO was posted and the date it was withdrawn]; or

3. NIH administratively withdrew the grant application for reasons other than the Challenged Directives [NIH to provide an explanation under oath]. NIH updated eRA Commons on [DATE] to indicate that the application had been administratively withdrawn.

B. **For Each Application on the Plaintiff States' Applications List that NIH Has Denied:** Defendants will produce a Certification attesting that the applicant submitted the grant application on [DATE], and either:

1. NIH decided not to fund the grant application pursuant to the Challenged Directives because the application no longer aligned with agency priorities. NIH updated eRA Commons to indicate that the application had been denied on [DATE];

2. NIH decided not to fund the grant application on [DATE] as a result of a NOFO that was withdrawn pursuant to the Challenged Directives because it no longer aligned with agency priorities [NIH to identify withdrawn NOFO, including the date the NOFO was posted and the date it was withdrawn]; or

3. NIH decided not to fund the grant application for reasons other than the Challenged Directives [NIH to provide an explanation under oath]. NIH

updated eRA Commons to indicate that the application had been denied on [DATE].

C. **For Each Application on the Plaintiff States' Applications List that NIH Decided to Award, Defendants will produce a Certification attesting that:** "The applicant submitted the grant application on [DATE]. NIH issued a Notice of Award on [DATE] or NIH is issuing a Notice of Award within thirty days."

D. **For Each Competing Application on the Plaintiff States' Applications List that Is Still Under NIH Review:** Defendants will produce a Certification attesting that the applicant submitted the grant application on [DATE], and each of the following:

1. NIH has not yet made a decision to withdraw, deny, or award this application.

2. NIH delayed its consideration of this and all other grant applications because of the Notice Pause Directive, and:[4]

   a. There were no additional delays pursuant to the Challenged Directives; or

   b. This application was further delayed pursuant to the Challenged Directives for review of alignment with agency priorities by [identify each action of further delay]; and/or

   c. This application was further delayed as a result of a NOFO that was withdrawn pursuant to the Challenged Directives because it no longer aligned with agency priorities [NIH to identify withdrawn

---

[4] The term "Notice Pause Directive" refers to a January 21, 2025, memorandum entitled "Immediate Pause on Issuing Documents and Public Communications," as set forth in the Plaintiff States' amended complaint. ECF No. 75, ¶103 & Ex. 1.

NOFO, including the date the NOFO was posted and the date it was withdrawn].

3. NIH subsequently resumed consideration of this application. The actions[5] NIH has taken to review this application since resuming consideration are [identify each action and the date it occurred]. The next action that NIH intends to take on the application is [identify next intended action and projected date]. [NIH will state whether it may apply the Challenged Directives to this application, absent further Court order or judgment].

E. **For Each Non-Competing Application on the Plaintiff States' Applications List that Is Still Under NIH Review:** Defendants will produce a Certification attesting that the applicant submitted the non-competing application on [DATE], and each of the following:

1. NIH has not yet made a decision to deny or award this application.

2. NIH delayed its consideration of this application pursuant to the Challenged Directives for review of alignment with agency priorities [NIH will identify the length of delay].

3. The last budget period ended on [date].

4. The next action NIH intends to take on the application [award, negotiate, or deny]. [NIH will state whether it may apply the Challenged Directives to this application, absent further Court order or judgment].

---

[5] The Parties intend for the word "actions" to include, but not be limited to, (i) meetings held at which the application was considered; (ii) the removal of an application from a study section; (iii) continuing a pause in considering the application after other applications began to be considered again; (iv) withholding a decision on the application; and (v) withholding a Notice of Award.

F.  **For Entries on the Plaintiff States' Applications List that Cannot Be Identified as an NIH Grant Application**: Defendants will produce a Certification attesting that: "This entry was not recognizable as an NIH grant application." Prior to the certification deadline, Defendants agree to use best efforts to notify the Plaintiff States on each Friday following the filing of this joint statement if Defendants have determined that they cannot identify as an NIH grant application an entry on the Plaintiff States' Applications List.

Provided that Defendants produce a Certification consistent with the terms above, the Plaintiff States agree not to seek any further completion of the Administrative Record.

August 25, 2025

**ANDREA JOY CAMPBELL**
  *Attorney General of Massachusetts*

 /s/ *Gerard J. Cedrone*
Katherine B. Dirks (BBO No. 673674)
  *Chief State Trial Counsel*
Gerard J. Cedrone (BBO No. 699674)
  *Deputy State Solicitor*
Allyson Slater (BBO No. 704545)
  *Director, Reproductive Justice Unit*
Rachel M. Brown (BBO No. 667369)
Vanessa A. Arslanian (BBO No. 688099)
Nadav S. Pearl (BBO No. 707592)
Phoebe M. Lockhart (BBO No. 709411)
  *Assistant Attorneys General*
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2282
gerard.cedrone@mass.gov

*Counsel for the
  Commonwealth of Massachusetts*

**ROB BONTA**
  *Attorney General of California*

 /s/ *Emilio Varanini*
Neli Palma
  *Senior Assistant Attorney General*
Emilio Varanini*
Kathleen Boergers*
  *Supervising Deputy Attorneys General*
Nimrod Pitsker Elias*
Daniel D. Ambar*
Ketakee R. Kane*
Sophia TonNu*
Hilary Chan*
  *Deputy Attorneys General*
455 Golden Gate Avenue
San Francisco, CA 94102
(415) 510-3541
emilio.varanini@doj.ca.gov

*Counsel for the State of California*

**BRETT SHUMATE**
Assistant Attorney General

Leah B. Foley
United States Attorney

KIRK T. MANHARDT
Director

MICHAEL QUINN
Senior Litigation Counsel

*/s/ Samuel Hobbs*
SAMUEL HOBBS (AL Bar No. 9776O19E)
Thomas W. Ports, Jr. (Va. Bar. No. 84321)
Trial Attorneys
U.S. Department of Justice
Civil Division
Corporate/Financial Section
P.O. Box 875
Ben Franklin Stations
Washington D.C. 20044-0875
Tel: (202) 616-8077
Email: samuel.hobbs@usdoj.gov

Anuj Khetarpal
Assistant United States Attorney
United Staes Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210

*Attorneys for Defendants*

**ANTHONY G. BROWN**
  *Attorney General of Maryland*

 /s/ *James C. Luh*
Michael Drezner*
James C. Luh*
  *Senior Assistant Attorneys General*
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6959
mdrezner@oag.state.md.us

*Counsel for the State of Maryland*

**NICHOLAS W. BROWN**
  *Attorney General of Washington*

 /s/ *Andrew Hughes*
Andrew Hughes*
Tyler Roberts*
  *Assistant Attorneys General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744
andrew.hughes@atg.wa.gov

*Counsel for the State of Washington*

**KRISTIN K. MAYES**
  *Attorney General of Arizona*

 /s/ *Joshua G. Nomkin*
Joshua G. Nomkin*
  *Assistant Attorney General*
2005 N. Central Avenue
Phoenix, AZ 85004
(602) 542-3333
joshua.nomkin@azag.gov

*Counsel for the State of Arizona*

**PHILIP J. WEISER**
  *Attorney General of Colorado*

/s/ *Lauren Peach*
Shannon Stevenson*
  *Solicitor General*
Lauren Peach*
  *First Assistant Attorney General*
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508-6000
lauren.peach@coag.gov

*Counsel for the State of Colorado*

**KATHLEEN JENNINGS**
  *Attorney General of Delaware*

/s/ *Vanessa L. Kassab*
Ian R. Liston*
  *Director of Impact Litigation*
Vanessa L. Kassab*
  *Deputy Attorney General*
820 N. French Street
Wilmington, DE 19801
(302) 683-8899
vanessa.kassab@delaware.gov

*Counsel for the State of Delaware*

**ANNE E. LOPEZ**
  *Attorney General of Hawaiʻi*

/s/ *Kalikoʻonālani D. Fernandes*
David D. Day*
  *Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes*
  *Solicitor General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Counsel for the State of Hawaiʻi*

**KEITH ELLISON**
  *Attorney General of Minnesota*

/s/ *Pete Farrell*
Peter J. Farrell*
  *Deputy Solicitor General*
445 Minnesota Street, Suite 600
St. Paul, Minnesota, 55101
(651) 757-1424
peter.farrell@ag.state.mn.us

*Counsel for the State of Minnesota*

**AARON D. FORD**
  *Attorney General of Nevada*

/s/ *Heidi Parry Stern*
Heidi Parry Stern*
  *Solicitor General*
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
hstern@ag.nv.gov

*Counsel for the State of Nevada*

**MATTHEW J. PLATKIN**
  *Attorney General of New Jersey*

/s/ *Nancy Trasande*
Nancy Trasande*
Bryce Hurst*
  *Deputy Attorneys General*
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 954-2368
nancy.trasande@law.njoag.gov

*Counsel for the State of New Jersey*

**RAÚL TORREZ**
   *Attorney General of New Mexico*

/s/ *Astrid Carrete*
Astrid Carrete*
   *Assistant Attorney General*
408 Galisteo Street
Santa Fe, NM 87501
(505) 270-4332
acarrete@nmdoj.gov

*Counsel for the State of New Mexico*

**LETITIA JAMES**
   *Attorney General of New York*

/s/ *Rabia Muqaddam*
Rabia Muqaddam*
   *Special Counsel for Federal Initiatives*
Molly Thomas-Jensen*
   *Special Counsel*
28 Liberty Street
New York, NY 10005
(929) 638-0447
rabia.muqaddam@ag.ny.gov

*Counsel for the State of New York*

**DAN RAYFIELD**
   *Attorney General of Oregon*

/s/ *Christina L. Beatty-Walters*
Christina L. Beatty-Walters*
Leanne E. Hartmann (BBO No. 667852)
   *Senior Assistant Attorneys General*
100 SW Market Street
Portland, OR 97201
(971) 673-1880
tina.beattywalters@doj.oregon.gov

*Counsel for the State of Oregon*

**PETER F. NERONHA**
  *Attorney General of Rhode Island*

/s/ *Jordan Broadbent*
Jordan Broadbent*
  *Special Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2060
jbroadbent@riag.ri.gov

*Counsel for the State of Rhode Island*

**JOSHUA L. KAUL**
  *Attorney General of Wisconsin*

/s/ *Lynn K. Lodahl*
Lynn K. Lodahl*
  *Assistant Attorney General*
17 West Main Street
Post Office Box 7857
Madison, WI 53707
(608) 264-6219
lodahllk@doj.state.wi.us

*Counsel for the State of Wisconsin*

* admitted *pro hac vice*